Feeley, Timothy Q., J.
This is an action in which pro se plaintiffs purport to state claims against various Methuen and Haverhill law enforcement officers and their police patrolmen associations. The case was removed to federal court, where defendants, represented by counsel, filed a motion to dismiss. On February 4, 2011, the federal court granted defendant’s motion to dismiss, found no federal claim stated, and remanded the case back to this court for lack of subject matter jurisdiction. The case file was sent by the federal court to the clerk of this court on June 1, 2011, and received on June 6, 2011. The delay between the dismissal of the federal suit and the remand and return of the file to Essex Superior Court was caused by plaintiffs, who appealed the remand order to the United States Court of Appeals for the First Circuit. It was only on May 31, 2011 that the First Circuit entered judgment, dismissing plaintiffs’ appeal.
The federal' court’s order of remand, along with the certified docket entries from the federal court, were docketed in this court on June 8, 2011. [D. 11.] On June 15, 2011, plaintiffs filed a request for default judgment pursuant to Mass.R.Civ.P. 55(b)(1) [D. 13], and requests for default under Mass.R.Civ.P. 55(a). [D. 15.] Defaults entered on the court’s docket on the date the requests for default were received. [D. 14.] On June 21, 2011, the court (Feeley, J.) vacated the default of the defendants and denied plaintiffs’ motion for default judgment as moot. [D. 16.] Further, the court gave defendants thirty days from that date to answer or otherwise respond to plaintiffs’ complaint. On July 14, 2011, within the thirty-day period, defendants filed a motion to dismiss plaintiffs’ complaint. [D. 7/14/11.] The court docketed the filing as a notice of intent to file a motion to dismiss (as it commonly does), and returned it to defendants for compliance with Rule 9A. Accordingly, the court (Feeley, J.) ruled that defendants complied with the court’s June 21, 2011 order, and expected that the defendants’ motion to dismiss would be filed upon compliance with the service requirements of Rule 9A. That in fact occurred. [D. 23.] Plaintiffs moved for reconsideration of this court’s order vacating entry of default and granting defendants thirty days to respond to plaintiffs complaint. [D. 18, 19.] The court (Feeley, J.) denied the motion to reconsider by written order on July 21, 2011. [D. 22.]
Much else has occurred in this case. Defendants’ motion to dismiss [D. 23] was allowed without opposition (Lowy, J.) and judgment of dismissal entered. [D. 24.] Plaintiffs appealed the judgment of dismissal and the court’s order vacating defaults and granting leave to respond to the complaint. [D. 25.] The Appeals Court acknowledged entry of the case on appeal on *355 October 5, 2011. [D. 30.) Concerned about the procedural posture of the case on appeal and formal compliance with Rule 9A, defendants moved in the Appeals Court to stay the appeal and remand the case to this court for consideration/reconsideration of defendants’ motion to dismiss on a cleaner procedural record. [Ap.Ct.D. 4.) The Appeals Court allowed the defendants’ motion and permitted the case to return here for further consideration of the judgment/orders appealed from.[1] [D. 31.] A new motion to dismiss, filed under Rule 9A, is now before the court. (D. 39.] It is scheduled to be heard by the court on January 5, 2012. A new motion to reconsider Judge Feeley’s June 21, 2011 order is also before the court and will be dealt with herein. [D. 42.]
DISCUSSION
A more complete review of the court’s docket is called for in order to understand why for the third time this court will refuse to let the June 15, 2011 entries of default stand.
Plaintiffs’ complaint was filed, pro se, on October 1, 2010. It purports to state claims against various Methuen and Haverhill law enforcement officers and their respective police patrolman associations for fraud, false prosecution, malicious prosecution, armed robbery, assault with a dangerous weapon, committing a felony while in possession of a firearm, extortion, abuse of process, perjury, violating warrant-less search, illegal search and seizure, violations of third-party informant, violating constitutional rights, religious discrimination, emotional abuse, psychological abuse, and criminal harassment. Returns of service were filed on November 4, 2010, reflecting service to “agents in charge” of the two police departments on October 27th and 28th. On November 15, 2010, and before responsive pleadings were due in this court, defendants (represented by counsel) filed a timely notice of removal in the United States District Court for the District of Massachusetts. The case was assigned to United States District Judge Richard G. Stearns. [ 10-CV-11964-RGS.]
On December 6, 2010, Judge Steams issued an order, requiring each party to file a proposed pretrial schedule on or before December 27, 2010. Thereafter, on December 8, 2010, plaintiffs requested entry of default judgment against defendants, based on an alleged failure to plea or otherwise defend. No default or default judgment entered, and on December 17, 2010, Judge Steams granted defendants’ motion to extend time to respond/reply to plaintiffs’ complaint. Defendants filed their motion to dismiss on December 22, 2010. With the motion to dismiss pending, plaintiffs filed on January 11, 2011 a second motion to default defendants, this time alleging “fraud on the court, perjury, and false declarations before the court.” The following day, plaintiffs filed a motion to default defendants “for failure to plea or otherwise defend and fraud on the court.” Without taking action on plaintiffs’ requests for default/default judgment, Judge Stearns allowed defendants’ motion to dismiss by written memorandum issued February 4, 2011, noting: “Because there is no federal question on which jurisdiction in this court can be based, the case must be remanded to the Essex Superior Court.”
Plaintiffs responded to the dismissal of their complaint in two ways. First, they moved to disqualify Judge Steams, who plaintiffs referred to as “the corrupted and dishonorable Judge Richard G. Stearns,” and “nothing short of a fraud and a fake as demonstrated by his behaviors.”[2] Second, they filed a notice of appeal with respect to the remand order. On March 8, 2011, Judge Stearns denied the motion to disqualify, as moot. On May 31,2011, the United States Court of Appeals for the First Circuit dismissed plaintiffs’ appeal, finding the remand order “not reviewable," and the claim of judicial bias “meritless.”
As stated above, this court received the remanded case on June 6, 2011, and entered on its own docket the certified copy of the federal court docket entries on June 8, 2011. On June 15, 2011, plaintiffs requested entry of default against all defendants for failure to timely respond to plaintiffs’ complaint. [D. 15.] Plaintiffs relied on Mass.RCiv.P. 81(f), which plaintiffs argued required defendants to file an answer or otherwise respond to their complaint within five days of the remand of the case to this court. The criminal clerk’s office entered default as requested, without any review or consultation with a judge of this court. [D. 14.] On June 21, 2011, the court (Feeley, J.) found that at the time of entry of default, the time to respond to plaintiffs’ complaint had not run, and vacated the defaults, and ordered defendants to respond to plaintiffs’ compliant within thirty days. [D. 16.] The court (Feeley, J.) reaffirmed its original orders in denying plaintiffs’motion for reconsideration. [D. 18, 19, 22.] The court (Feeley, J.) also denied plaintiffs’ “motion for default judgment for fraud on the court.” [D. 17.]
In written submissions on plaintiffs’ motion for reconsideration, both parties rely on Mass.R.Civ.P. 81(f) for authority that defendants’ answer or other response to plaintiffs’ complaint was due five days after the filing of the removal or transfer papers.[3] Mass.R.Civ.P. 81 (f) is not directly controlling, as it does not apply to cases remanded from the federal court. As the original reporter’s notes make clear: “Rule 81 (f), based on Federal Rule 81(c), deals with cases which have been brought from a district court to the Superior Court for trial (removed cases), or re-trial (appealed case). It makes clear that any pleadings filed in the court below need not be redrafted to accord with these rules.” Thus, Rule 81(f), which on its face applies only to civil actions removed, transferred or appealed to the Superior Court, does not apply to a case remanded from a federal court.
*356 Thus, in this court view, no rule or statute directly controls the time period after remand in which defendants must file their answer or other responsive pleading. Rule 81(1) might be indirect authority, by analogy, to suggest that defendants only had five days after filing of the remand papers to file their response to the complaint. Or, perhaps, the twenty-day period in Rule 12(a)(1) could be argued to apply. A third argument is that defendants did not need to file a responsive pleading, as their motion to dismiss filed in federal court continued to be viable. Judge Stearns ruled that no federal claim was stated as a matter of subject matter jurisdiction, but did not reach the merits of defendants’ arguments that plaintiffs’ complaint failed to plead sufficient facts and failed to state a claim on which relief could be granted. Because the merits of defendants’ motion to dismiss were never reached by Judge Stearns for lack of subject matter jurisdiction, this court does not believe that a further responsive pleading was absolutely required, just as plaintiffs did not have to file a new or amended compliant.[4]
For a variety of reasons, this court again affirms its order vacating defaults and granting leave to file a new responsive pleading. Entry of default should not have been requested, and should not have been entered. What this case needed was a pretrial/status conference in order to assess the procedural posture of the case and for the court, after hearing from both parties, to make decisions about how best to proceed. Defendants could have pursued the claims in their motion to dismiss not reached by Judge Stearns, or requested leave and time to amend their previously filed motion to dismiss. Even if defendants had notice of the file being returned to this court, there is enough ambiguity, and no controlling law, on the proper procedural requirements upon remand of a case from federal court in which a motion to dismiss was allowed strictly on subject matter grounds not advanced by defendants, that entry of defaults was inappropriate. Moreover, given the procedural ambiguity, this court would have found good cause to remove the defaults, if it had not acted sua sponte to vacate the defaults in its June 21, 2011 order.
Additional reasons support this court’s original decision, and today’s reconsidered decision. Courts prefer that cases be resolved on the merits. Even if defendants’ counsel was tardy in responding to plaintiffs’ complaint after remand (and the court has not so found), this court is usually hesitant to inflict the errors of counsel on innocent litigants. See Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 431 (1979) (a relevant factor is evaluating excusable neglect is “whether the error is chargeable to the party’s legal representative, rather than to the party himself’). The defendants litigated this case in federal court and it is inconceivable that they did not intend to do the same in this court upon remand from the federal court. Second, the interests of justice, given the unique procedural posture of this case, and the lack of directly controlling rules, requires that the defaults entered by this court on June 15, 2011 be vacated and that this case proceed to the merits of plaintiffs’ allegations.
ORDER
Upon reconsideration, the court’s June 21, 2011 order vacating entries of default and providing defendants time to respond to plaintiffs’ complaint stands as issued.

It is somewhat unclear whether the remand was limited to the judgment of dismissal or also included the order vacating the defaults and scheduling the responsive pleading. The court, like the parties, will take the broader view of the remand order and reconsider the order vacating the defaults and scheduling the responsive pleading.

In this case, plaintiffs also responded to adverse judicial decisions by moving to disqualify two associate justices ofThe Superior Court. [D. 38, 38a.] Both motions were denied by the respective associate justices.

The parties agree that Rule 81(f) controls, but disagree as to the date the remand papers from the federal court were filed in this court.

No the degree that Rule 81(f) provides authority by analogy, its Reporters Notes make clear that “any pleadings filed in the court below need not be redrafted to accord with these rules.”